**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT ALAN MATTINGLY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-00770-BAM<br><br>**ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |

## I. INTRODUCTION

Plaintiff Brett Alan Mattingly ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record and is not based upon proper legal standards. Accordingly, the Commissioner's determination is REVERSED AND REMANDED for further proceedings.

///

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Doc 7, 8).

1

## II. BACKGROUND

Plaintiff applied for benefits on April 27, 2012, alleging disability beginning February 18, 2012. AR 20. The application was denied initially and on reconsideration. On September 25, 2014, a hearing was held before ALJ Sharon L. Madsen. AR 37. Plaintiff appeared with his attorney and testified. AR 36-69. The ALJ also heard testimony from Jose L. Chaparro, a vocational expert. AR 60-69.

On October 4, 2014, the ALJ issued issued a partially favorable decision on Plaintiff's claim, finding he became disabled on February 27, 2013, but was not disabled before that date. AR 16-33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 6-10. This appeal followed.

## III. STANARD OF REVIEW

### A. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

*///*
*///*

**B.     Disability Standard**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**C.     The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 18, 2012, the alleged onset date. AR 20. The ALJ identified cervical degenerative joint disease, idiopathic transverse myelitis, left shoulder degenerative joint disease, and a mood disorder as severe impairments. AR 22. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 23.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6-8 hours in an 8-hour workday; occasionally stoop, crouch, crawl, and climb ramps and stairs; but never climb ladders, ropes, and scaffolds or work around dangerous machinery. Furthermore, Plaintiff must avoid concentrated exposure to cold and uneven terrain; and he is limited to simple, routine tasks. AR 23.

The ALJ subsequently found that Plaintiff cannot perform his past relevant work as a phlebotomist. AR 62. The ALJ further found that Plaintiff (age 53 on the alleged onset date) was an individual closely approaching advanced age on the alleged disability onset date but changed age categories to become an individual of advanced age on February 27, 2013. AR 27. Therefore, the ALJ found that prior to February 27, 2013, jobs existed in significant numbers in the national economy

1  that Plaintiff could perform, considering his age, education, work experience, and RFC. AR 28-29. However, as of February 27, 2013, the date Plaintiff's age category changed, there was no work that Plaintiff could perform. AR 29. The ALJ thus concluded Plaintiff was not disabled prior to February 27, 2013, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. AR 29.

## IV. DISCUSSION [2]

In his sole claim, Plaintiff contends that the ALJ failed to adequately weigh the opinion of examining psychiatrist Ekram Michiel, M.D. who opined that Plaintiff is "unable to maintain attention and concentration to carry out simple job instructions." (Doc. 19 at 16-19); AR 326. In response, the Commissioner asserts that other evidence in the record supports the ALJ's determination that Plaintiff could perform simple routine tasks, as reflected in the RFC's assessment. AR 23-27.

### A. Legal Standard

When an ALJ assesses medical-opinion evidence, a treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Id*. And the ALJ must give specific and legitimate reasons for rejecting an examining physician's opinion in favor of a nonexamining physician's opinion. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Lester*, 81 F.3d at 830-31. The ALJ need not, however, "accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

### B. Dr. Michiel's Opinion

On August 23, 2012, Dr. Michiel completed a psychiatric evaluation of Plaintiff. AR 360-363. Plaintiff complained of depression and was receiving Wellbutrin from his primary care physician but

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

had no history of mental health treatment. AR 25, 360-63. Dr. Michiel diagnosed mood disorder, depressed, due to direct physiological effect of a medical condition, and recorded a Global Assessment of Functioning (GAF) score of 50. AR 362. Dr. Michiel opined Plaintiff was unable to maintain attention and concentration to carry out simple job instructions; he was able to relate and interact with co-workers, supervisors, and the public; he had no restrictions on activities of daily living; and he was able to handle his own funds. AR 362-63.

The ALJ gave "significant weight" to Dr. Michiel's opinion stating as follows:

> I give significant weight to the opinion of psychiatric consultative examiner Dr. Michiel as a Board Certified and examining source. Although the claimant has not had any formal health treatment, he takes Wellbutrin. In addition, Dr. Michiel's findings are supported by his mental status examination of the claimant, which showed some impairment in attention, concentration, and immediate recall.

AR 26.

### C. The ALJ Failed to Accurately Evaluate Dr. Michiel's Opinion

In her decision, the ALJ purported to fully credit Dr. Michiel's opinion. AR 26. However, the ALJ's RFC determination did not include Dr. Michiel's finding that Plaintiff is "unable to maintain attention and concentration to carry out simple job instructions." (Doc. 19 at 16-19); AR 326. Rather, the ALJ's RFC determination found that Plaintiff "is limited to simple routine tasks." AR 23. The ALJ's failure to include Dr. Michiel's limitations in Plaintiff's RFC constitutes an implicit rejection of this portion of Dr. Michiel's opinion. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) ("By disregarding [the doctor's] opinions and making contrary findings, [the ALJ] effectively rejected them."). Yet the ALJ failed to give any reasons, and not a specific and legitimate one, for rejecting this part of Dr. Michiel's opinion. *See Lester*, 81 F.3d at 830-31 (Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record."). This was error.

In opposition, the Commissioner contends, however, that the ALJ's failure to explain her rejection of portions of Dr. Michiel's opinion is not error because the record includes "ample evidence supporting the ALJ's finding that Plaintiff could perform simple, routine tasks." (Doc. 22 at 11). For support, Defendant cites Plaintiff's "largely normal neurological and mental status examination" and

daily activities including "driving a car, going shopping, and managing his finances." (Doc. 22 at 11). However, this evidence does not remedy the ALJ's failure to properly reconcile Dr. Michiel's contrary explicit finding that Plaintiff is unable to carry out simple job instructions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ did not explain how the medical evidence supported the RFC assessment, but not all of Dr. Michiel's findings. Nor does the ALJ provide any reason to discredit Dr. Michiel's opinion. Indeed, while Defendant points to Plaintiff's "normal mental status examinations" as a post-hoc reason to discount Dr. Michiel's opinion, the ALJ's opinion directly contradicts that argument. The ALJ stated that she relied on Dr. Michiel's opinion, in large part, because "Dr. Michiel's findings are supported by his mental status examination." AR 26.

Although an ALJ may discount a medical opinion that is conclusory, the Court may not affirm the ALJ's decision based on the Commissioner's post-hoc rationalization. *See Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Bray v. Astrue*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). An ALJ errs when he discounts a medical opinion, or a portion thereof, "while doing nothing more than ignoring it," which is what occurred here. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). Accordingly, the ALJ erred in discounting portions of Dr. Michiel's opinion without offering an explanation, and the matter must be remanded for further proceedings on that basis. *Id.*

**D. Remand is Required to Remedy the Defects in the ALJ's Decision**

The Court has considered Plaintiff's request to award benefits rather than remand the case for additional proceedings, but finds remand more appropriate. Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Garrison,* 759 F.3d at 1021 (court may "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"). However, where no useful purpose would

be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.*

Here, even crediting Dr. Michiel's opinion as true, Plaintiff's entitlement to benefits is not clear from the existing record because there is no vocational expert opinion of disability corresponding to Dr. Michiel's opinion. AR 62-66; *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (remanding for further proceedings in part because there was no testimony from the vocational expert that the limitations established by the record would render Plaintiff unable to engage in any work). Thus, remand for further proceedings is appropriate.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand, the ALJ will reweigh the medical evidence and address the deficiencies identified by the Court. If necessary, the Commissioner may hold further hearings and receive additional evidence.

Accordingly, the Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff Brett Mattingly and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **March 13, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE