**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT ALAN MATTINGLY, | ) Case No.: 1:16-cv-0770-BAM |
| Plaintiff, | ) ORDER GRANTING COUNSEL'S MOTION<br>) FOR ATTORNEY FEES PURSUANT TO<br>) THE EQUAL ACCESS TO JUSTICE ACT, 28 |
| v. | ) U.S.C. §2412(d) IN PART |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of Social Security, | ) (ECF No. 26) |
| Defendant. | ) |

## I.    INTRODUCTION

Plaintiff Brett Mattingly commenced this social security action on June 3, 2016. (ECF No. 1.) On March 13, 2018, the Court granted Plaintiff's motion for summary judgment, remanded this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for Plaintiff. (ECF Nos. 24, 25.)

Presently pending before the Court is Plaintiff's motion for attorneys' fees in the amount of $5,079.21 pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 26.) The Commissioner filed a response to Plaintiff's motion. (ECF No. 28.) After carefully considering the parties' briefing, the Court's record, and the applicable law, the Court **GRANTS IN PART** Plaintiff's motion for EAJA fees.

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

## II.    DISCUSSION

### A.    Legal Standard

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

### B.    Analysis

Here, the Commissioner does not dispute that Plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Furthermore, Plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.  The Commissioner does not argue that its position was substantially justified.  Therefore, having concluded that the Commissioner's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.

The EAJA directs the Court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the Court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154, 163, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. *Id.* at 1148-49; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).[2] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." *Stewart v. Sulliva*n, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner does not oppose Plaintiff's requested rates, which are based on the hourly rates for EAJA fees published on the Ninth Circuit's website—$192.68 for 2016 and $196.79 for 2017 and 2018. See 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F. 3d at 876-77; Ninth Circuit Rule 39-1.6. However, the Commissioner states that despite the Court's admonition to the parties to attempt to resolve the motion by stipulation, Plaintiff's counsel refused to meet and confer regarding the motion. (ECF No. 27). Indeed, a review of Plaintiff's invoice reveals that Plaintiff's counsel spent 1.75 hours preparing Plaintiff's Motion for Attorney's Fees (ECF No. 26), which was unnecessary and could have been avoided had counsel met and conferred in good faith as requested. (ECF No. 28).

---

[2]    In accordance with the decision in *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. *See* http://www.ca9.uscourts.gov . Here, Plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit. *Perry v. Berryhill*, No. 2:16-cv-01116-AC, 2018 U.S. Dist. LEXIS 6893 (E.D. Cal. Jan. 12, 2018).

After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's counsel (ECF Nos. 26, 26-1), the Court deducts the 1.75 hours Plaintiff's counsel spent drafting the motion at an hourly rate of $196.79, for a total deduction of $344.38. This 1.75 hours is considered unnecessary and unreasonable given Defendant's willingness to resolve this motion by agreement. The Court, however, finds the remaining time spent by Plaintiff's counsel to be reasonable and consistent with the results of this case.

Finally, in light of the fact that Plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the Court concludes that the requested amount of fees, as modified above, is consistent with the result obtained.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons outlined above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (ECF No. 26) is **GRANTED IN PART**. The Court reduces the requested amount of $5,079.21 by $344.38 to account for unnecessary hours, for a total award of $4,734.83; and

2. Plaintiff is awarded attorneys' fees and expenses in the total amount of $4,734.83 pursuant to the EAJA. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

IT IS SO ORDERED.

Dated:    **July 18, 2018**                      /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE